IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD ALAN ZOCHLINSKI,

    Plaintiff,                    No. CIV S-10-1824-KJM-JFM (PS)

    vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,

    Defendants.            <u>ORDER</u>

/

        This case was closed and judgment entered on August 11, 2011 following adoption by the undersigned of the magistrate judge's February 10, 2011 findings and recommendations, recommending that defendants' motion to dismiss be granted and the action be dismissed. On September 6, 2011, plaintiff filed a motion for new trial based on Federal Rule of Civil Procedure 59(a) or, in the alternative, to alter/amend judgment based on Federal Rule of Civil Procedure 59(e). Plaintiff moves for an order vacating judgment on the grounds that the decision to grant defendants' motion to dismiss was against the weight of the evidence, the magistrate judge was biased, and there exists a manifest error in fact.

        As an initial matter, Rule 59(a) is inapplicable because judgment in this case was entered in response to a motion to dismiss, not following trial. The language of Rule 59(a) expressly limits its application to tried cases and is not applicable to matters resolved via motion

1

to dismiss.  See Fed. R. Civ. P. 59(a); *Merrill v. County of Madera*, 389 Fed. Appx. 613, 615 (9th Cir. 2010) ("a Rule 59(a) motion for a new trial is not available on claims or causes of action for which Plaintiffs never received a trial").

Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment.  Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court has "wide discretion" when considering such a motion. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 739 F.Supp.2d 1260, 1294 (E.D. Cal. 2010).  That said, plaintiff bears the burden of persuasion on reconsideration. *Kittner v. Gates*, 783 F.Supp.2d 170, 172 (D.D.C. 2011).  Moreover, the rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

Plaintiff has not met his burden to prevail on reconsideration.  Rather, plaintiff provides the court with the same arguments and legal authority contained in his opposition to the motion to dismiss and his opposition to the magistrate judge's findings and recommendations. "Reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for new trial is denied.

DATED:  December 9, 2011.

UNITED STATES DISTRICT JUDGE

2