UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI, | No. 2:10-cv-1824-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

On February 13, 2015, the court issued an order directing plaintiff to file either an amended complaint stating the claims outlined in that order or a statement that he wishes to proceed on his original complaint as modified by the Ninth Circuit Court of Appeals' October 7, 2014 opinion by no later than March 13, 2015.  (ECF No. 66.)  Thereafter, on March 13, 2015, plaintiff filed a timely motion for extension of time to file an amended complaint.  (ECF No. 67.)  In his motion, plaintiff indicates that he has suffered from medical problems resulting from a May 2013 stroke and other, more recent ailments.  (Id. at 2.)  Plaintiff also attached to his motion documentation of recent medical visits and a note dated February 26, 2015, signed by one of his physicians indicating that plaintiff "has been unable to complete physical or intellectual work" as a result of his medical issues.  (Id. at 27-28, 30.)

////

1

Based on these representations, plaintiff requests that the court grant him an extension of time to file an amended complaint until May 6, 2015. Good cause having been shown, the court will grant plaintiff's request.

In addition to seeking an extension of time, plaintiff appears to request clarification regarding the claims he is permitted to pursue in his amended complaint, should he decide to file one. Specifically, plaintiff requests that the court clarify whether he will be permitted to pursue claims against the individual Regents of the University of California in their individual capacities, which plaintiff claims he pursued in his original complaint but which the Ninth Circuit Court of Appeals did not address in its October 7, 2014 opinion. A review of plaintiff's original complaint shows that plaintiff did not name any of the individual Regents as defendants to this lawsuit. Rather, plaintiff named as a defendant the Regents of the University of California as a body, in addition to defendants John Oakley and John Jones, Jr.

As stated in the court's prior order directing plaintiff to file either an amended complaint or a statement that he wants to proceed with his original complaint as modified by the Court of Appeals' opinion, if plaintiff decides to file an amended complaint, he may seek to pursue the following claims only: (1) 42 U.S.C. § 1981 equal protection claim against John Jones, Jr.; (2) 42 U.S.C. § 1983 defamation plus claim against John Oakley and John Jones, Jr. to the extent that the claim is asserted against these defendants in their individual capacities; (3) defamation against all three defendants; (4) infliction of emotional distress against all three defendants; and (5) violations of California's Unruh Civil Rights Act against all three defendants. (ECF No. 66 at 2, n.3.) In its prior order, the court further cautioned that any attempt to allege additional claims or name any additional defendants in an amended complaint, should plaintiff decide to file one, would be summarily disregarded. (Id.)

Finally, plaintiff also requests appointment of pro bono counsel in this matter. (ECF No. 67 at 20.) Plaintiff indicates that he requests the appointment of counsel due to his depression and medical complications resulting from his 2013 stroke, financial problems, and restricted access to resources needed to pursue this case. (Id.) Plaintiff acknowledges that the court denied his previous request for counsel, but asserts that his current request should be granted as his

1  "health has worsened and this case has proven [to be] complex" in the time since his previous
2  request.  (Id.)

3  There is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social
4  Services, 452 U.S. 18, 25 (1981).  Nevertheless, under 28 U.S.C. § 1915(e)(1), district courts are
5  granted discretion to appoint counsel for indigent persons.  However, this discretion may be
6  exercised only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th
7  Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood
8  of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the
9  complexity of the legal issues involved.  Neither of these factors is dispositive and both must be
10 viewed together before reaching a decision."  Id.  Furthermore, 28 U.S.C. § 1915(e)(1) confers on
11 a district court only the power to "request" that counsel represent a litigant who is proceeding in
12 forma pauperis.  This does not give the courts the power to make "coercive appointments of
13 counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

14 As noted in the order denying plaintiff's previous motion to appoint counsel, plaintiff is
15 not proceeding in forma pauperis – he paid the filing fee.  (ECF No. 31 at 15)  Furthermore, while
16 the court is unable to make any determination related to the merits of the action at this juncture,
17 plaintiff's claims, which have been significantly pared down as a result of the Ninth Circuit Court
18 of Appeals' affirming the dismissal of plaintiff's conspiracy claims and a number of his civil
19 rights claims, do not appear to be unusually complex or outside of plaintiff's ability to adequately
20 pursue.  Although the court appreciates the difficulties faced by a pro se litigant in prosecuting an
21 action in federal court, plaintiff's filings do not show that he is completely unable to represent his
22 own interests in this litigation.  Thus, there are no exceptional circumstances justifying the
23 appointment of counsel.  Accordingly, plaintiff's motion for appointment of counsel is denied.

24 Based on the foregoing, IT IS HEREBY ORDERED that:

25 1. Plaintiff's motion for an extension of time (ECF No. 67) is GRANTED.

26 2. By no later than **May 6, 2015**, plaintiff shall file either an amended complaint or a
27 statement that he wishes to proceed on his original complaint as modified by the Ninth Circuit
28 Court of Appeals' opinion.  Should plaintiff decide to file an amended complaint, the complaint

shall contain the following claims ***only***: (1) 42 U.S.C. § 1981 equal protection claim against John Jones, Jr.; (2) 42 U.S.C. § 1983 defamation plus claim against John Oakley and John Jones, Jr. to the extent that the claim is asserted against these defendants in their individual capacities; (3) defamation against all three defendants; (4) infliction of emotional distress against all three defendants; and (5) violations of California's Unruh Civil Rights Act against all three defendants. Plaintiff is again cautioned that allegations concerning additional claims or against additional defendants asserted in an amended complaint, should plaintiff decide to file one, will be summarily disregarded.

　　　　3.　　Defendants shall file response to plaintiff's complaint by no later than **May 27, 2015**.

　　　　4.　　Plaintiff's request for appointment of counsel is DENIED.

　　　　IT IS SO ORDERED.

Dated:  March 19, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE