1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOWARD ALAN ZOCHLINSKI,                    No.  2:10-cv-1824 KJM KJN PS

12              Plaintiff,

13        v.                                    ORDER

14   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, et al.,
15
                Defendants.
16

17

18        On July 8, 2015, defendants filed a motion to dismiss the first amended complaint.[1]  (ECF

19   No. 73.)  Defendants noticed this motion for a hearing to take place before the undersigned on

20   September 24, 2015.  (ECF Nos. 73, 75.)  Pursuant to this court's Local Rules, plaintiff was

21   obligated to file and serve a written opposition or statement of non-opposition to the pending

22   motion at least fourteen (14) days prior to the hearing date, or September 10, 2015.  See E.D. Cal.

23   L.R. 230(c).[2]  The court's docket reveals that plaintiff, who is proceeding without counsel, failed

24   ─────────────────────
     [1]  This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
25   U.S.C. § 636(b)(1).

26   [2]  More specifically, Eastern District Local Rule 230(c) provides:

27              **(c) Opposition and Non-Opposition.**  Opposition, if any, to the
                granting of the motion shall be in writing and shall be filed and
28              served not less than fourteen (14) days preceding the noticed (or

                                                 1

1    to file a written opposition or statement of non-opposition with respect to defendants' motion.

2          Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

3    with these Rules or with any order of the Court may be grounds for imposition by the Court of

4    any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

5    Moreover, Eastern District Local Rule 183(a) provides, in part:

6
7
8
9

> Any individual representing himself or herself without an attorney
> is bound by the Federal Rules of Civil or Criminal Procedure, these
> Rules, and all other applicable law.  All obligations placed on
> "counsel" by these Rules apply to individuals appearing in propria
> persona.  Failure to comply therewith may be ground for dismissal,
> judgment by default, or any other sanction appropriate under these
> Rules.

10    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

11    same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

12    accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

13    case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

14    or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

15    court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

16    court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

17    Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

18    an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

19    prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

20    F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

21
22
23
24

> continued) hearing date.  A responding party who has no opposition
> to the granting of the motion shall serve and file a statement to that
> effect, specifically designating the motion in question.  No party
> will be entitled to be heard in opposition to a motion at oral
> arguments if opposition to the motion has not been timely filed by
> that party. . . .

25
26
27
28

[3]   The Ninth Circuit Court of Appeals had held that under certain circumstances a district court
does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark
County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).  By analogy, this
authority applies to failure to oppose a motion for judgment on the pleadings, which similarly
challenges a plaintiff's complaint after the filing of an answer.

1  proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)

2  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

3  failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782

4  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

5  control their dockets and may impose sanctions including dismissal or default).

6       Nevertheless, in light of plaintiff's pro se status and the court's desire to resolve

7  defendants' motion on the merits, the court finds it appropriate to continue the hearing on the

8  motion and provide plaintiff with one final opportunity to file either an opposition or statement of

9  non-opposition to the motion.  Plaintiff is cautioned that a further failure to meet the extended

10  deadline to file an opposition to defendants' motion will be considered as plaintiff's non-

11  opposition to and grounds for granting defendants' motion to dismiss.  Plaintiff is further

12  cautioned that a failure to comply with this order may result in the imposition of appropriate

13  sanctions, including, but not limited to, monetary sanctions and/or the possible recommendation

14  that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of

15  Civil Procedure 41(b).

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.    The hearing on defendant's motion to dismiss (ECF No. 73), which is presently set

18  for September 24, 2015, is CONTINUED until October 29, 2015, at 10:00 a.m., in Courtroom

19  No. 25 before the undersigned.

20       2.    Plaintiff shall file a written opposition to defendants' motion, or statement of non-

21  opposition thereto, on or before October 15, 2015.  Plaintiff's failure to file a written opposition

22  will be deemed a statement of non-opposition to the pending motion and consent to the granting

23  of the motion, and shall constitute an additional ground for the imposition of appropriate

24  sanctions, including monetary sanctions and/or a possible recommendation that plaintiff's entire

25  case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

26  The court will not grant any extensions of this deadline – absent extraordinary good cause.

27       3.    Defendants may file a written reply to plaintiff's opposition, if any, on or before

28  October 22, 2015.

1          IT IS SO ORDERED.

2    Dated:  September 15, 2015

3

4                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28