UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ALAN ZOCHLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:10-cv-1824-KJM-KJN (PS)<br><br><br><br>ORDER |

On February 9, 2016, plaintiff filed a motion for sanctions and motion to substitute the deceased defendant John Jones with his daughter, his purported sole surviving heir, pursuant to Federal Rule of Civil Procedure 25(a)(1), both of which are currently scheduled for hearing on March 17, 2016.  (ECF Nos. 90, 91.)  On that same day, plaintiff also filed a request to use the court's electronic filing system in this action.  (ECF No. 92.)  In light of the pending findings and recommendations issued on November 4, 2015, recommending that defendants' motion to dismiss be granted and this entire action be dismissed with prejudice (ECF No. 83), and in the interest of preserving scarce judicial resources, the court finds it appropriate to defer consideration of plaintiff's two motions and request until the pending findings and recommendations have been resolved by the assigned district judge.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The court will defer consideration of plaintiff's pending motion for sanctions (ECF No. 90), motion to substitute (ECF No. 91),[1] and request to use electronic filing (ECF No. 92) until after the pending findings and recommendations (ECF No. 83) have been resolved. Defendants are not required to file an opposition or otherwise respond to plaintiff's motions or request until directed by the court to do so via subsequent order.

2. The March 17, 2016 hearing regarding plaintiff's motion for sanctions and motion to substitute is VACATED. After resolution of the pending findings and recommendations, if the court determines that a hearing is necessary, it will schedule one via a subsequent order.

IT IS SO ORDERED.

Dated: February 16, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] While the court declines to consider the merits of plaintiff's motion for substitution at this juncture, it recognizes that plaintiff's motion has been timely filed within the 90-day period required under Federal Rule of Civil Procedure 25(a)(1).

2